No. ——

First Circuit

TUCKER v. DOMINQUEZ

(June 7, 1927. Opinion and Decree.)

(Syllabus by the Editor.)

1. Louisiana Digest—Appeal—Par. 625—Evidence—Par. 351.

Where the preponderance of evidence shows that a receipt was altered by forging a different date, the finding of the trial court, being clearly correct, is affirmed.

Appeal from the Parish of Tangipahoa. Hon. Columbus Reid, Judge.

Action by Millard F. Tucker against Bertha C. Dominquez.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

J. H. Inman, of Ponchatoula, attorney for plaintiff, appellee.

Amos L. Ponder, of Amite, attorney for defendant, appellant.

LECHE, J. The defendant in the above suit opposes the issuance of executory process and prays that the plaintiff be enjoined from executing a writ of seizure and sale which he therein obtained. Defendant claims that the alleged debt for which her property is sought to be sold should be credited with a partial payment of one hundred and fifty dollars made on May 18, 1922, and that such partial payment, together with seventy-five dollars which she has deposited in court, will more than pay said debt and all costs of this proceeding.

The trial judge refused to grant the injunction prayed for by defendant, and ordered that her opposition be dismissed and the property be sold to satisfy plaintiff's claim.

Defendant has appealed.

The only question involved in the case is whether the receipt offered in evidence by defendant showing a payment of $150.00 on May 18, 1922, is real or forged.

Two sons of plaintiff, who is now dead, swear that the whole receipt was written and signed by their father, with the exception of the figures one and two together with the line of separation between the date of the month and the year, which appear thus in the receipt offered in evidence: "May 18/22". The contention of plaintiff is that the receipt offered in evidence really represents a payment on account, made by defendant on May 8, 1920, and that the date figures were altered and forged so as to make the receipt appear as having been given on May 18, 1922. The figure one, as it presently appears, has not the same slant as the figure eight which is admitted to be genuine, and it, as well as the line of separation, appears to have been made by a heavier hand, so that these two lines make an impression which is visible on the back of the receipt, whereas the impression of the other figures does not so appear. The second figure two, designating the year, which is also charged to have been forged, is not altogether similar to the first two

and the place where it is written seems to have been rubbed with an eraser. Of course, if the second two is forged, the pre-existing zero for which it was substituted must have been erased.

The members of this court are not experts in handwriting and therefore cannot say to a certainty whether the receipt as it appears is really forged, but there are other circumstances that lend color to plaintiff's contention.

M. F. Tucker was a business man and in transacting his business, which appears to have been extensive, was very methodical. He at one time owned the land upon which the present seizure was levied, and sold same at some time in the past, before 1927, to defendant. The act of sale and mortgage, however, was only passed on February 24, 1921. The receipts which he gave to defendant previous to February 24, 1921, contain on their face the words, "for land and house", while the receipts given after that date say on account of note. The note is dated February 24, 1921, and is the same upon which the present executory proceeding is based. The receipt under scrutiny, although it appears to have been given May 18, 1922, strange to say, reads on account of land. On May 18, 1922, Tucker had already sold the land and held the note in suit, and it is not reasonably accounted why he gave this receipt for the land, instead of making it "on account of note".

M. F. Tucker's private account book contains entries showing the cash he received from defendant. It does not show receipt of any money from defendant on May 18, 1922, but it does show a payment of $150.00 on May 8, 1920. Defendant in order to account for this entry, filed in evidence, a receipt written in pencil on a sheet of coarse paper, such as is contained in pencil tablets made for the use of school children. It purports to be for one hundred and fifty dollars on account of land and house, and is dated May 8, 1920. This receipt is an extra tracing of another receipt of date June 12, 1919, except as to its date and as to its amount. The date thereon, May 8, 1920, is in a handwriting different from the rest of the receipt and the amount is only marked $150.00 in figures. All the receipts admitted to be genuine recite the amount in letters, but this one does not.

The contention of plaintiff is that the receipt marked May 18, 1922, is the original receipt of May 8, 1920, with the date forged and altered, and that the pencil receipt dated May 8, 1920, is entirely forged.

The testimony of defendant does not, on its face, convey any impression of truthfulness. M. F. Tucker has departed this life and the court has not the benefit of his testimony.

Our learned brother of the District Court believed that plaintiff's contention was proved by a preponderance of evidence We not only see no error in this finding but believe it is correct.